UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF ROMBACK,

    Plaintiff,                                        Case No. 11-12402

v.                                                 Hon. John Corbett O'Meara

ORION FINANCIAL, LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## TO DISMISS HIS CLAIMS AGAINST ORION FINANCIAL, LLC

Before the court is Plaintiff's motion to voluntarily dismiss his Fair Debt Collection Practices Act claim against Orion Financial, LLC ("Orion"), with prejudice and without costs to either party. Orion opposes Plaintiff's request insofar as it seeks attorney fees from Plaintiff. The matter has been fully briefed and, pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

Plaintiff seeks dismissal of his claims against Orion pursuant to Fed. R. Civ. P. 41(a)(2), which provides, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "It generally is considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." Degussa Admixtures, Inc. v. Burnett, 471 F. Supp.2d 848, 851-52 (W.D. Mich. 2007).

Orion agrees that dismissal is appropriate, but seeks its attorney fees incurred in defending this action. When a lawsuit is voluntarily dismissed with prejudice under Rule 41, "attorney's fees ordinarily are not available." Id. at 852. An award of fees may be appropriate,

however, "when there is independent statutory authority for such an award." Id.  Orion seeks fees pursuant to 15 U.S.C. § 1692k(a)(3), which permits the court to award attorney fees to the defendant upon finding that a Fair Debt Collection Practices Act action was "brought in bad faith and for the purpose of harassment." Id.

In his FDCPA claim, Plaintiff alleges that Orion violated the act by filing a complaint to collect a debt and attaching to the complaint an affidavit containing a false statement. Specifically, the witness claimed to have "personal knowledge" of "which payments have and have not been received by Seller on the Accounts."  See Def.'s Ex. C (Affidavit of Correctness). In context, the affidavit reads as follows:

> Affiant is the Custodian of Records for **Precision Recovery Analytics, Inc., formerly known as Collins Financial Services, Inc.**, and in that capacity, Affiant is personally familiar with the debt of **Jeff Romback** made payable to **GE Money Bank/PayPal Buyer Credit** original creditor, and then subsequently sold to Collins Financial Services, Inc.
>
> That Affiant is responsible for the books and records of the Seller, reflecting payments made on Accounts; and, *that Affiant knows of his/her own personal knowledge which payments have and have not been received by Seller on the Accounts*; that a complete and accurate list of the Accounts, sold to **Orion Financial, LLC** is attached hereto as Exhibit A; and, that the balances of said Accounts indicated thereon are accurate to the best of Affiant's knowledge and belief, based on the balances represented to Seller at the time of Seller's acquisition of the Accounts and any payments, adjustments, or offsets applied by Seller.

Id. (italics added).  Orion argues that, read in context, it is clear that the affidavit is not false or misleading, because the witness is merely representing that his knowledge of the debt is based upon his knowledge of the books and records.  The affidavit does represent, however, that the witness has "personal knowledge" of "which payments have and have not been received," which

suggests something more than knowledge based solely on the books and records. At least one court has found an affidavit that falsely claims personal knowledge when such knowledge does not exist to be filed in violation of the FDCPA. See Midland Funding LLC v. Brent, 644 F. Supp.2d 961, 969 (N.D. Ohio 2009) ("It is unclear to this Court why such a patently false affidavit would be the standard form used at a business that specialized in the legal ramifications of debt collection. . . . Rather than basing the affidavit on false personal knowledge, they could base it on the accuracy of the records kept and the accuracy of the data.").

In this context, the court need not decide whether the affidavit violates the FDCPA, but rather whether Plaintiff's claim is so frivolous so as to suggest that it was filed in bad faith or for purposes of harassment. The court finds that Plaintiff's claim is colorable and that there is no evidence that it was brought in bad faith or for purposes of harassment. Accordingly, Orion is not entitled to attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

Therefore, IT IS HEREBY ORDERED that Plaintiff's motion to dismiss his claims against Orion is GRANTED. Plaintiff's claims against Orion are DISMISSED WITH PREJUDICE and without costs to either party.


                                                              s/John Corbett O'Meara  
                                                              United States District Judge

Date:  March 7, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 7, 2012, using the ECF system.

                                                              s/William Barkholz  
                                                               Case Manager